**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **J & J SPORTS PRODUCTS, INC.,**<br><br>            **Plaintiff,**<br><br>     **v.**<br><br>**IAN DOUGLAS HELPER, et al.,**<br><br>            **Defendants.** | **1:10-cv-02109-OWW-SMS**<br><br>**MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE (Doc. 11)** |

**I. INTRODUCTION.**

J & J Sports Products, Inc., ("Plaintiff") proceeds with an action for damages against Ian Douglas Helper and Stephen David Helper ("Defendants").[1]

On February 23, 2011, Ian Douglas Helper and Stephen David Helper filed an answer to Plaintiff's complaint ("Answer"). (Doc. 8).

Plaintiff filed a motion to strike various affirmative defenses asserted in the Answer on March 16, 2011. (Doc. 11).

Defendants filed opposition to Plaintiff's motion to strike on April 22, 2011. (Doc. 13). Defendants opposition opposes Plaintiff's motion only with respect to affirmative defenses

---

[1] Jeremy Porter Helper is also a named Defendant, however, he filed a separate answer on March 16, 2011, (Doc. 12), and that answer is not implicated in the instant motion.

**1**

numbers two and five.  Plaintiff filed a reply on March 2, 2011. (Doc. 14).

## II. **FACTUAL BACKGROUND**.

Plaintiff was granted the exclusive nationwide commercial distribution rights to a program entitled: "Firepower: Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program" telecast nationwide on Saturday, November 14, 2009 ("Program").  Defendants unlawfully intercepted and exhibited the program at their commercial establishment.

## III. **LEGAL STANDARD**.

District courts may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f).  The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9 th Cir. 2010).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.  *Id*. at 974.  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  *Id*.  "Motions to strike are disfavored and infrequently granted." *E.g., NRDC v. Kempthorne*, 539 F. Supp. 2d 1155, 1162 (E.D. Cal. 2008).

## IV. **DISCUSSION**.

Defendants do not oppose Plaintiff's motion to strike affirmative defenses 1, 3, 4, 6, 7, 8, 9, and 10 asserted in the Answer.  Defendants only oppose Plaintiff's motion to strike the second and fifth affirmative defenses asserted in the Answer.

The second affirmative defense alleges:

> Defendants allege that Ian Douglas Helper and Stephen David Helper cannot be held individually liable for actions, if any, of Defendant Tilted Kilt or its agents, employees, or other representatives because Defendants Ian Douglas Helper and Stephen David Helper were not present at the time of any alleged violation, were unaware of and did not authorize any act that may have violated Plaintiff's rights, were not officers of the corporation, and Ian Douglas Helper and Stephen David Helper did not reap any commercial profit from any alleged violation.

The second affirmative defense is unintelligible, as it does not appear to be an affirmative defense at all.[2]  *See, e.g.*, *FDIC v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987) ("Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true.").  Further, the second affirmative defense references a corporation, but there is no corporate defendant in this action.  As the second affirmative defense does not provide fair notice of the nature of the defense, it is stricken, without prejudice.  *See, e.g.*, *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

---

[2] The fact that the contentions presented in the second and fifth affirmative defenses may be improperly labeled as "affirmative defenses" does not render them "insufficient defenses" within the meaning of Rule 12. *See In re Wash. Mut., Inc. Sec., Derivative & ERISA Litigation*, 2011 U.S. Dist. LEXIS 33531 *22-24 (W.D. Wa. 2011) ("Though improperly pleaded, these affirmative defenses are related to the litigation and are not immaterial, impertinent or scandalous. The Court will simply consider them not as affirmative defenses, but as general denials or objections"); *see also J & J Sports Prods. v. Khachatrian*, 2011 U.S. Dist. LEXIS 22800 *3-4 (D. Arizona 2011) ("Accordingly, the Court interprets Defendants' affirmative defense as a Rule 12(b)(6) defense, of which Plaintiff has fair notice, and will not strike it.").

**3**

The fifth affirmative defense asserted in the Answer is also deficient. The fifth affirmative defense provides:

> Defendants allege that the damages of plaintiff, if any, as alleged were not caused by these answering Defendants, but were the result of the acts of third parties over which the answering Defendants, or each of them, had no control.

The fifth affirmative defense does not plead sufficient factual information to give Plaintiff fair notice of the defense as it fails to identify any third parties or their acts or omissions. The fifth affirmative defense is stricken, without prejudice.

### ORDER

For the reasons stated, IT IS ORDERED:

1) The second and fifth affirmative defenses alleged in the Answer are STRICKEN; and

2) Defendants shall file an amended answer within fifteen (15) days of electronic service of this decision.

IT IS SO ORDERED.

**Dated:   May 23, 2011**                    **/s/ Oliver W. Wanger**
                                             UNITED STATES DISTRICT JUDGE